### INDEBTEDNESS INCURRED BY A VILLAGE IN DISREGARD OF LAW.

Common Pleas Court of Hamilton County.

PHILIP CASTNER v. VILLAGE OF PLEASANT RIDGE ET AL.

Decided, November 1, 1907.

*Municipal Corporations—Illegal Purchase of Supplies—Authority for Payment for can not be Based on Moral Obligations—Villages— Contracts—Injunctions.*

Where a village purchases supplies in an amount in excess of $500 without advertising for bids or entering into any contract as required by law, the fact that the goods were purchased and delivered in good faith does not render the village liable therefor because of the moral obligation incurred, and upon suit by a taxpayer an injunction will lie against payment of the bill.

*A. H. Morrill*, for plaintiff.
*J. W. Heintzman*, for defendants.

O'CONNELL, J.

This is a suit brought by a tax-payer of the village of Pleasant Ridge to enjoin the proper village officers from paying a certain account for broken stone furnished to the village in violation of the statutes governing the purchase of supplies by municipal officers.

The pleadings admit the violation of the statutes in that supplies in excess of $500 were purchased without advertising for bids as required by law; in fact no contract with any firm for any amount seems to have been entered into, as far as appears from the village records. The village in its answer contends, however, that as the stone was actually used by the village a "moral obligation" rests upon it to pay for the same; and the village council, in recognition of this "moral obligation," passed an ordinance authorizing payment. The plaintiff in his petition seeks to enjoin the payment of the money under the provisions of this ordinance.

The reply of the plaintiff to the answer of the defendant further alleges that the stone was of inferior quality; that its purchase was a fraud upon the tax-payers, and that the acts of the village officers making the purchase were fraudulent.

The plaintiff wholly failed to substantiate these allegations of his reply. On the contrary, the evidence clearly showed that the stone was of good quality and that the price was fair and reasonable. Further, the books of the firm from whom the stone was purchased, the accounts of the railway company over whose road the stone was shipped, and the accounts of the contractor who hauled and spread the rocks on the village streets, all substantially agree as to the amount delivered. No fraud or collusion of any kind was shown on the part of the village officials. A total disregard, however, of all the necessary legal formalities appertaining to contracts was shown by the village council as is admitted in their answer as noted above.

Paragraph 4 of the syllabus in the case of *Wellston* v. *Morgan*, 65 Ohio St., 219, is as follows:

"Persons dealing with officers of municipalities must ascertain for themselves, and at their own peril, that the provisions of the statutes applicable to the making of the contract, agreement, obligation or appropriation have been complied with."

This the firm furnishing the stone totally failed to do, and sent car-load after car-load as ordered by one, or sometimes two, of the village councilmen. The village contends that having received the stone it is, under all the circumstances of the case, morally obliged to pay for the same. The village solicitor, in support of the right of the village to pay for the stone as a moral obligation, cites the case of *Emmert* v. *Elyria*, 74 Ohio St., 185, at pages 194 and 195.

The opinion of the Supreme Court as there stated appears to bear out his contention. But that opinion was prompted by a state of facts entirely different from those in the case at bar. In that case the court distinctly finds that there was a contract; that the contract was made in accordance with the statutes, and that the contracting company had fully complied with all its terms. The whole contention of the plaintiff therein rested on a narrow and technical view of the provisions of the code with reference to the construction to be placed on the question as to whether or not the money was in the treasury prior to the awarding of the contract.

In the case at bar there was a total and careless disregard of the requirements of the law from the very beginning by all parties concerned. While it is a hardship on the firm which furnished the stone, yet a recognition of "moral obligations" such as these would open the door to such unwarranted proceedings on the part of municipal officers that much evil would inevitably result.

The prayer of the petition for a permanent injunction must therefore be allowed.